

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Reinstated by amendment to art 2368 a VC*

*overruled by cort judgment Sam F Oath vs Concho County D.C. Concho County no 9581*

Hon. T.K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. O-1317
Re: (1) Can the commissioners' court lease or rent, with the option to purchase, road machinery, pickups or trucks, warehouses for the storage of equipment, without advertising for bids, when the total rental exceed $150.00?

(2) Can the commissioners' court declare an emergency, and purchase equipment in excess of $150.00?

Your request for an opinion on the above stated questions has been received by this department.

Under constitutional sanction, the Legislature has delegated to the counties of this state, acting through the commissioners' court, the power to lay out, construct, repair and maintain public roads. Article 3, § 52, Article 11, § 2, of the Constitution, Articles 2351 and 1659, Revised Civil Statutes, 1925. But as said in 11 TEX. JUR. at p. 632:

"The authority of the commissioners' court as the governing body of a county to make contracts in its behalf is strictly limited to that conferred either expressly or by fair or necessary implication by the constitution and the laws of the state."

Also see the cases of --

CHILDRESS COUNTY v. STATE, 92 S.W. (2d) 1011;
ROPER v. HALL, 280 S.W. 289, and
LASSITER v. LOPEZ, 217 S.W. 373.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We are unable to find any authority empowering commissioners' court to lease or rent road machinery and equipment, with the option to purchase.

Article 1659, Revised Civil Statutes, 1925, as pertinent hereto, reads as follows:

"Supplies of every kind, road and bridge material or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners' court, has submitted the lowest and best bid." (Underscoring ours).

This statute manifests a clear legislative intent to declare a public policy necessitating competitive bids upon all matters of expenditures and upon all purchase contracts by the county. See the case of WYATT METAL & BOILER WORKS v. FANNIN COUNTY, 111 S.W. (2d) 787. No cognizance is taken in such statute of a method whereby the commissioners' court could lease or rent machinery and equipment with the option to purchase; otherwise, it is submitted, competitive bids would likewise have been required in such case consistent with the public policy requiring competitive bids in all transactions involving the expenditures of money by the commissioners' court. Obviously, therefore, if it be held that the commissioners' court can lease or rent machinery and equipment, rather than purchase same as contemplated by the statute, a method would be created whereby, whether honestly or otherwise, the requirement of competitive bids could be evaded. To prevent this, the terminology of Article 1659, supra, as quoted, would have to be construed as including contracts, also, of lease and rental. It is believed that the language will not admit of such construction. As said by the court in the case of GULF BITULITHIC CO. v. NUECES COUNTY, 297 S.W. 747, (reversed on other grounds, 11 S.W. (2d) 305), at p. 753:

"The whole spirit of the times, crystallized in the statutes and favored in the decisions construing those statutes, is to require public

authorities empowered to expend public funds to
award contracts for such expenditures only after
notice and upon competitive bids. It would be
subversive of that spirit, and in contravention
of those statutes so construed, to give effect
to the subterfuge resorted to in this transac-
tion for the purpose of evading the law, and
this court declines to lend its aid to that pur-
pose."

We, therefore, respectfully advise that it is
the opinion of this department that your first question
should be answered in the negative; namely, that the com-
missioners' court cannot lease or rent, with the option
to purchase, road machinery, pickups or trucks, ware-
houses for the storage of equipment. The question of
advertising for bids, in such case, thereupon becomes
immaterial.

You also ask this further question:

"Can the commissioners' court declare an
emergency and purchase equipment in excess of
$150.00?"

We respectfully advise that it is our opinion, under the
clear terms of Article 1659, Revised Civil Statutes, 1925,
the commissioners' court cannot, by declaring an emergen-
cy, purchase equipment in excess of $150.00 without ad-
vertising for competitive bids.

We trust this answers your inquiries satisfactori-
ly.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Panning*

Wm. J. Panning
Assistant

WmJF:ob

APPROVED SEP 16, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [PWB]
CHAIRMAN